[No. 6043.]

## MORGAN v. HECKMAN.

Testimony examined and held sufficient to establish defendant's indebtedness to plaintiff.

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. HENRY HOWARD, Jr., for appellant.

Mr. WILLIAM H. DICKSON, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The amount of the judgment recovered is not questioned. It is contended, however, that there was not sufficient evidence to warrant a judgment in any sum against the defendant. The cause was first tried in a justice court, and again upon appeal in the county court, resulting in each instance in a judgment against the defendant. The defendant was the owner of a sawmill, and the plaintiff obtained a judgment for a balance due upon account for the boarding of defendant, her family and employees, and care and food for the defendant's horses.

The plaintiff stated that she made the agreement upon which the account sued upon is based, with the husband of defendant, in the defendant's presence; that the defendant discharged a part of the indebtedness, and that the supplies for the mill were billed to the defendant, and that lumber shipped from the mill was shipped in the name of the defendant. It was shown that many of the men were paid by checks signed by the defendant. One witness testified that the husband of the defendant carried checks signed by the defendant, and that they were used by him in paying the men employed at the mill, and in paying for supplies furnished the mill.

In behalf of the defendant there was testimony received tending to show that the defendant, although she owned the mill, had leased it to her husband, and that she was not operating it at the time the indebtedness to plaintiff was incurred. Her testimony was also explanatory of the use of her checks by her husband. We are of opinion, however, that there was sufficient testimony on the part of the plaintiff to sustain the judgment, and it is, therefore, affirmed.

*Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.